## WALKER v. SANDERS.

No. 21287. Opinion Filed Sept. 13, 1932.

Ellis A. Robinson and Quincy J. Jones, for plaintiff in error.

R. F. Ford and S. J. Montgomery, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Tulsa county in rendering a judgment against the plaintiff in error and in favor of the defendant in error for $2,500 and costs, on account of an accidental in-

jury to person and property arising from an automobile collision.

The plaintiff in error has filed a brief and the ground of complaint therein is embodied in the proposition of law that the evidence introduced by the plaintiff in the trial court was not sufficient to sustain the judgment. An examination of the record shows that this was an action brought by the owner of an automobile, who was driving it, for injuries to the automobile and to herself, on account of a collision alleged to have been had between a car that was controlled by the defendant below, the plaintiff in error here, and a car that was owned by the plaintiff below.

A great many objections were raised to the introduction of testimony, but they all apparently have been abandoned here. In fact, there was very little ground for the objections at the time they were taken, and what ground there was, was probably cut away by subsequent developments in the case. The amount of the recovery, which appears to have been by unanimous verdict of the jury who heard the case, was not excessive.

The facts as developed by the plaintiff, the defendant not putting in any evidence, were sufficient to warrant the jury in finding against the plaintiff in error. In fact, it developed a clear case of reckless negligence on the part of the driver of the car, that was being operated by the plaintiff in error, and in which he was riding at the time. If the evidence is to be believed, it was a case of the indifference of youth, when engaged in pasttime and seeking a mate. The speed of the car was excessive. The plaintiff below was where she had a right to be and was guilty of no negligence in operating her car, and the accident occurred, if this evidence is to be believed, as a result of failure to pay any attention, while driving at a reckless rate of speed, to the people who were on the intersection, that had a right to be there, before the car of the plaintiff in error reached the intersection.

The case is therefore affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., disqualified. CLARK, V. C. J., absent.